

4

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable A. L. Edwards
County Attorney, Victoria County
Victoria, Texas

Dear Mr. Edwards:

Opinion No. O-7413
Re: Interpretation of paragraphs (c)
and (d) of Section 8, Article
827a, Penal Code, concerning the
length limit of combinations of
vehicles, etc.

We have your letter of October 19, 1946, reading as follows:

"I would greatly appreciate your interpretation
of paragraphs (c) and (d) of Section 5, Article
827a, of the Penal Code. Specifically, the
question is this:

(First)- "Is the 3-foot load extension to
the front and the 4-foot load extension to the
rear, provided for by paragraph (d), allowed in
addition to the 45-foot limit on combinations
of vehicles, provided for by paragraph (c),
thereby authorizing an overall length of com-
bined vehicles and load of 52 feet, without re-
quiring a special permit?

"Also, I would appreciate your interpretation of
said Article of the Penal Code, as it applies
to the following question:

(Second)- "Does a 'Permit to Move Superheavy
or Oversize Equipment or Load Over State Highways,'
issued by the State Highway department, specifying
as load - 'Range Gag., Drill Collar and Poles,' -
and reciting a maximum length of 65 feet, authorize
the use of a combination of vehicles in excess of
45 feet while hauling a load, which makes the over-
all length of combined vehicles and load 65 feet?

Honorable W. L. Edwards, Victoria - page 2.

"If so, can such combination of vehicles exceeding 45 feet in length be at any time operated on public highways without loads, or with loads other and shorter than the items specified as load in the permit?"

We reproduce below Article 827a, with particular reference to the sections and paragraphs pertinent hereto, viz:

'Article 827a, Section 3:
(a) No motor vehicle, commercial motor vehicle, truck-tractor, trailer, or semi-trailer shall exceed a length of 35 feet, and no combination of such vehicles coupled together shall exceed a total length of 45 feet, unless such vehicle or combination of vehicles is operated exclusively within the limits of an incorporated city or town."

"(d) No train or combination of vehicles operating alone shall carry any load extending more than 3 feet beyond the front thereof, nor, except as hereinbefore provided, more than 4 feet beyond the rear thereof."

"Article 827a, Section 3:
(2) It shall be unlawful and constitute a misdemeanor for any person to drive, operate or move, or for the owner to cause or permit to be driven, operated or moved on any highway, any vehicle or vehicles of a size or weight exceeding the limitations stated in this Act, or to transport thereon any load or loads exceeding the dimensions or weight prescribed in this Act; provided, the department, acting directly or through its agent or agents designated in each county shall have and is hereby granted authority to grant permits limited to periods of 90 days or less for the transportation over State highways of such overweight or oversize commodities as cannot reasonably be dismantled or for the operation over State highways of superheavy or oversize equipment for the transportation of such oversize or overweight or overlength commodities as cannot be reasonably dismantled; provided, that any haul or hauls made under such permits shall be made by the shortest practicable route, etc....."

Honorable W. L. Edwards, Victoria - page 3.

Your <u>first</u> question is divided, as follows:

1. Is the 3-ft load extension to the front and
   the 4-ft load extension to the rear (as pro-
   vided in paragraph 'd') allowed, in addition
   to the 45-ft limit of combinations of vehic-
   les (as provided in paragraph 'c'), thereby
   authorizing an overall length of combined
   vehicles of 52 feet?

2. Is such extension allowed without requiring
   a special permit?

As regards inquiry No. 1, we refer to and quote portions
of this Department's opinion No. O-3692, approved June 30, 1941,
in answer to the question as to whether it is lawful to operate a
semi-trailer whose actual measurements exceed 35 feet in length,
but when attached to a truck-tractor, the distance from the back
axle of the truck-tractor to the back end of the semi-trailer is
less than 35 feet, and the combined length of the combination ve-
hicle is less than 45 feet.  After quoting Art. 827a, Sec. 3, para-
graph 'c', the opinion advises that -

> "Section 3, of the recent Act of the Legislature,
> increasing the load limit, H.B. No. 19, Acts of
> the 47th Legislature, Reg. Sess., provides:
>
>> 'Nothing in this Act shall be construed
>> as authorizing an increase in the size
>> or dimensions of commercial motor ve-
>> hicles, as provided in the present law.'
>
> "Section 3, Article 827a, Vernon's Texas Penal
> Statutes, specifically provides that -
>
>> 'No ... semi-trailer shall exceed a length
>> of 35 feet ...'
>
> "It follows that any semi-trailer, which by actual
> measurement exceeds 35 feet in length, cannot be
> lawfully operated upon the public highways of this
> State.  The statute clearly contemplates that in
> determining the length of a unit in a combination,
> each particular unit must be considered separately;
> as for example, in determining the length of a semi-
> trailer, the measurement would be the overall length
> of such semi-trailer and not from the back wheels of
> a truck-tractor to which it might be attached or from
> the king-pin of the semi-trailer.  The location of

Honorable W. L. Edwards, Victoria - page 4.

"the king-pin or pivot point on the semi-trailer
might affect the overall length of the combina-
tion but not the unit."

Art. 827a, Sec. 2, supra, makes it "unlawful ... for any
person to drive ... on any public highway, any vehicle ... of
a size or weight exceeding the limitations stated in this Act,
etc...."

What are those limitations, expressed in the Act?  In para-
graph (c), Sec. 3, Art. 827a, they are, as to single vehicles:

'No motor vehicle ... shall exceed a length of
35 feet ....'

As to a combination of such vehicles, they are:

'No combination of such vehicles, coupled to-
gether, shall exceed a total length of 45
feet ...'

In paragraph (d), Sec. 3, Art. 827a, as to loads, they are:

'No train or combination of vehicles operating
alone shall carry any load extending more than
3 feet beyond the front thereof, nor, except
as hereinbefore provided, more than 4 feet be-
yond the rear thereof.'

Hence, in keeping with the view expressed in the Opinion al-
ready cited, and with the explicit provisions of the statute it-
self, it is the opinion of this Department that:

1. The 3-foot and 4-foot extension, front and rear, respect-
ively, in addition to the 45-foot limit on combinations of vehic-
les, making an overall length of combined vehicles and load of 52
feet, is allowed;

2. And, allowed, without requiring a special permit.

The issuance of permits, limited to periods of 90 days or
less, is provided for under Sec. 2, Art. 827a, supra.  And such
permits are granted only for "the transportation ... of such over-

weight or oversize commodities as cannot reasonably be dismantled, or, for the operation ... of superheavy or oversize equipment for the transportation of such oversize or overweight or overlength commodities as cannot be reasonably dismantled, etc...."

Further discussion of the lengths of vehicles under Article 827a, Sections 2 and 3, are found in this Department's Opinion No. O-1280. The question therein asked was: Does a special permit, which allows a length of more than 45 feet, imply the right of a carrier to haul a load which will extend more than 3 feet in front and more than 4 feet in the rear of his vehicle. The Opinion quoted Sec. 2, Art. 827a, in full, and also paragraph (c) of Section 3, of said Article. It then continued:

> "As you have indicated in the quoted portion of your letter, Sec. 2, of Art. 827a makes provision for the issuance of special permits for the operation over State highways of oversize equipment, in the event such equipment is necessary for the transportation of overweight, oversize or overlength commodities which cannot be reasonably dismantled.

> "This provision creates an exception as to the length specified in paragraph (c), Sec. 3, Art. 827a, for vehicles and combination of vehicles.

> "You will note that paragraph (d), Sec. 3, Art. 827a provides that 'no vehicle or combination of vehicles shall carry a load which extends more than 3 feet beyond the front thereof, nor, except as hereinbefore provided, more than 4 feet beyond the rear thereof.'

> "Construing together all of the above quoted statutory provisions, we find that the Legislature prohibited any vehicle or combination of vehicles from carrying a load which extended more than 3 feet beyond the front of the vehicle or combination, and did not provide for any exception to this requirement; but the wording of paragraph (d), Sec. 3, Art. 827a makes it equally clear that the Legislature did anticipate that an overlength load might extend more than 4 feet beyond the rear of the conveying vehicle or combination of vehicles."

Honorable W. L. Edwards, Victoria - page 6.

> "It is, therefore, the opinion of this Depart-
> ment that a special permit for the operation
> of an overlength vehicle does not imply the
> right of a carrier to haul a load which ex-
> tends more than 3 feet beyond the front of
> the vehicle. On the other hand, a permit for
> the transportation of overlength commodities
> or for the operation of oversize equipment
> for the transportation of such overlength com-
> modities does carry with it, as an incidental
> privilege, the right to extend the load, if
> necessary, more than 4 feet from the rear of
> such vehicle."

Your attention is directed, in this connection, to that par-
ticular clause in Sec. 2, Art. 827a, which provides that a permit
may be granted ... "for the operation ... of superheavy or over-
size equipment for the transportation of ... oversize, overweight
or overlength commodities ..."

Article 6701a, V.A.R.C.S., Section 1, provides that:

> "When any person, firm or corporation shall
> desire to operate over a State highway
> superheavy or oversize equipment for the
> transportation of such commodities as can-
> not be reasonably dismantled ... the State
> Highway Department may, upon application,
> issue a permit for the operation of said
> equipment with said commodities, etc...."

In view of the foregoing, therefore, our response to your
Second question is that a 'Permit to Move Superheavy or Over-
size Equipment or Load Over State Highways,' issued by the State
Highway Department, specifying as load - 'Range Csg., Drill Col-
lar and Poles,' - and reciting a maximum length of 65 feet, does
authorize the use of a combination of vehicles in excess of 45
feet while hauling the load specified in the permit, so long as
neither the vehicle, nor the vehicle and load, exceed the maxi-
mum length specified in the permit.

And, as to the latter portion of your Second question, we
are likewise of the opinion that such combination of vehicles

exceeding 45 feet in length may be operated on public highways without loads when such vehicles are being moved from their home base to where the load is located, and returned, or with such loads as the particular permit issued therefor specifies and allows.

We hope that we have given you the information you desire.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wros
Assistant

JLW-k

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

ATTORNEY GENERAL OF TEXAS